# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-1050**                           **September Term, 2020**

SEC-86FR18596
SEC-Rel34-90610

**Filed On:** June 15, 2021

The Nasdaq Stock Market LLC, et al.,

      Petitioners

     v.

Securities and Exchange Commission,

      Respondent

-----------------------------

Consolidated with 21-1051, 21-1053,
21-1100, 21-1101, 21-1102

**BEFORE:** Rogers, Millett, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of the motion to dismiss Nos. 21-1050, 21-1051, and 21-1053, and the opposition thereto, it is

**ORDERED** that the motion to dismiss be granted. "A person adversely affected by a rule of the [Securities and Exchange] Commission . . . may obtain review" by filing, "within sixty days after the promulgation of the rule, a written petition requesting that the rule be set aside." 15 U.S.C. § 78y(b)(1) (emphasis added). This court has adopted a "default rule" that "[i]f [an] agency does not define the term by regulation and if the statute supports (or at least does not foreclose) the interpretation, 'promulgation' is accorded its 'ordinary meaning'—i.e., publication in the Federal Register." Horsehead Res. Dev. Co. v. EPA, 130 F.3d 1090, 1093 (D.C. Cir. 1997). In addition, as we ruled in Horsehead Resource Development, 130 F.3d at 1092, and Western Union Telegraph Co. v. FCC, 773 F.2d 375, 377 (D.C. Cir. 1985), Congress's formulation of the filing time period as "within sixty days" creates a filing window, not a mere deadline. As a result, jurisdiction is lacking over petitions that were filed too early—that is, before promulgation in the Federal Register—as well as those filed more than sixty days after promulgation in the Federal Register. Because the court has not previously applied this rule to the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., in a published order, this order is being published.

**No. 21-1050**                                          **September Term, 2020**

Neither the Exchange Act nor the regulations promulgated thereunder define the term "promulgation," and the term therefore refers to publication in the Federal Register.  Here, the petitions for review in Nos. 21-1050, 21-1051, and 21-1053 were filed before the rule in question was published in the Federal Register and thus before the rule was promulgated.  Accordingly, the court lacks jurisdiction over the petitions for review filed in Nos. 21-1050, 21-1051, and 21-1053, and they must be dismissed.  See Horsehead Resource Development, 130 F.3d at 1095.

The Clerk is directed to publish this order and to withhold issuance of the mandate in Nos. 21-1050, 21-1051, and 21-1053 until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**


**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk